UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DAN GUERRA,
on behalf of himself and
others similarly situated,

      Plaintiff,

v.

P.D.K. ROOFING , INC.
and DEE KEIHN,

      Defendants.

_____/

Case No.:

## **COMPLAINT**

COMES NOW the Plaintiff, individually and on behalf of all others similarly situated, and file this Complaint for violation of the Fair Labor Standards Act and states as follows:

## **JURISDICTION**

Jurisdiction in this Court is proper under 28 U.S.C. §1331 as this claim is for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et. seq.

## **VENUE**

Venue is proper in this Court as the Defendants maintain business operations within the District.

## **PARTIES**

1.    Plaintiff resides in St. Lucie County, Florida.

1

2. Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

3. Defendants were, and continue to be, in a business that is an "enterprise engaged in commerce" within the meaning of the FLSA.

4. Defendants are "employers" as defined by 29 U.S.C. §203(d).

5. Based on information and belief, the annual dollar volume of Defendants is in excess of $500,000. per annum.

6. If the annual dollar volume is not in excess of $500,000. per annum, then Defendants can be shown to have individual liability under the FLSA.

7. Plaintiff attempted to resolve this matter without litigation but was not successful.

## **FLSA OVERTIME WAGE CLAIM**
(Individual and collective claim)

The foregoing Factual Allegation paragraphs are hereby incorporated by reference into this Count.

8. Plaintiff worked for Defendants for several months.  For the first three weeks of his employment, he was paid on a salary but after that his paid was changed to being paid hourly.

9. Plaintiff was performing physical labor and was not exempt from being entitled to overtime under the FLSA.

10. There are times where the Plaintiff and other similarly situated employees worked more than 40 hours in a work week.

11. Defendants did not keep proper records of the employees' time worked as the records reflect that employees only worked 40 hours or less in a workweek even though there were times when employees worked over 40 hours in a workweek.

12. Plaintiff and those similarly situated were not paid time and a half their regular rate for hours worked over 40 in a workweek.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, seek judgment against the Defendants as follows:

a. That this Court certify that action as a collection action pursuant to 29 U.S.C. §216(b);

b. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated employees' overtime wages at time and one-half their regular rate;

c. An award of liquidated damages in the amount equal to the award of damages pursuant to 29 U.S.C. §216(b);

d. Judgment that Defendants' violations were willful;

e. An award of reasonable attorney's fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

f. All such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues.

Dated this 12th day of July 2021			Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar No. 70726
beth@cokeemploymentlaw.com
Coke Employment Law
131 North Second Street
Suite 204
Fort Pierce, Florida 34950
Telephone (772) 252-4230
Fax (772) 252-4575
Attorney for Plaintiff